[Cite as *Helton v. Helton*, 2012-Ohio-1854.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

AARON HELTON, JR.                    :

      Plaintiff-Appellant            :      C.A. CASE NO.   24734

v.                                   :      T.C. NO.   04DR986

KAY L. HELTON                        :      (Civil appeal from Common
                                   Pleas Court, Domestic Relations)
      Defendant-Appellee             :

                                           :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    27th    day of     April    , 2012.

. . . . . . . . . .

CHERYL R. WASHINGTON, Atty. Reg. No. 0038012, 450 First National Plaza, 130 West
Second Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellant

KAY L. HELTON, 5533 Autumn Woods Drive, Apt. 4, Trotwood, Ohio 45426
        Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the Notice of Appeal of Aaron

Helton, filed

July 18, 2011. Aaron appeals from the trial court's decision of June 24, 2011, which vacated the Magistrate's decision of October 5, 2010, in which the Magistrate found Kay Helton, Aaron's ex-wife and mother of his son, in contempt of court for interfering with Aaron's parenting time, and which also ordered her to pay Aaron $3,300.00 as replacement value for a grandfather clock. We hereby affirm the judgment of the trial court.

{¶ 2} The parties' Final Judgment and Decree of Divorce was filed on April 6, 2005, and an amended decree was filed April 28, 2005. At the time of the divorce, Kay resided in Delaware and Aaron was in the military. One son was born of the marriage, and his date of birth is August 30, 1993. Kay was granted custody of the child, and Aaron was ordered to pay child support. Pursuant to the amended decree, Aaron was awarded parenting time with his son according to the court's standard order, "when he is in the area, provided he gives Mom 48 hours advanced notice, and such other times as agreed by the parties." The amended decree further provided that Aaron "shall be entitled to the grandfather clock. Wife shall cooperate with Husband in making arrangements for Husband to get these items."

{¶ 3} On October 4, 2007, Aaron filed a motion to show cause, which provided as follows:

> Now comes Plaintiff, by and through counsel, and hereby moves the Court for an Order directing the Defendant, Kay Helton, to appear and show cause on why she should not be held in Contempt of Court for failure to adhere to the Amended Final Judgment and Decree of Divorce (Nunc Pro Tunc), to wit the following: (1) "Husband shall be entitled to the grandfather

clock. Wife shall cooperate with Husband in making arrangements for Husband to get these items."; (2) "Plaintiff is awarded the Standard Order of Parenting Time, when he is in the area, provided he gives Mom 48 hours advanced notice, and such other times as agreed by the parties." Plaintiff has not received the grandfather clock as directed and has not been afforded the opportunity to see his son.

{¶ 4} On January 31, 2008, after a hearing, the Magistrate issued a Decision that found Kay in contempt for failing to provide parenting time and for failing to give Aaron the grandfather clock. The Magistrate set a specific parenting time schedule governing the periods of summer, Thanksgiving and spring break, and also governing the child's transportation between the parties. Regarding the grandfather clock, the Magistrate noted that Kay had sold the clock, and she ordered her to reimburse Aaron for the value of the clock or to provide a clock of like or similar value. She ordered the parties to exchange receipts and/or appraisals to ascertain the value of the original clock. The Magistrate further assessed costs of the action against Kay. The Decision concludes, "If no objections are filed the Magistrate Decision is the Permanent Order of the Court," and it is signed by the trial court. No objections were filed.

{¶ 5} On January 15, 2010, Aaron filed a Motion to Show Cause identical in its entirety to his motion of October 4, 2007, quoted above. On October 5, 2010, after a hearing, the Magistrate issued a Decision finding Kay in contempt for parenting time violations and ordering her to pay Aaron replacement value for the grandfather clock in the amount of $3,300.00, to be paid in monthly installments of $100.00 for 33 months. In her

Decision, the Magistrate noted that at the hearing, Kay made an oral motion to dismiss the Motion to Show Cause because it did not refer to the Magistrate's most recent order regarding parenting time and the grandfather clock, but rather referred to the parties' amended final decree. The Magistrate overruled the oral motion and found "the defendant was placed on notice that the plaintiff was pursuing contempt on parenting time and failure to provide the [g]randfather [c]lock. These were the same issues as addressed in the last motion to show cause. The defendant had notice of the issues and an opportunity to prepare a defense."

{¶ 6}     Kay filed objections to the Magistrate's Decision on October 19, 2010, addressed to the issues of parenting time, the grandfather clock and the assessment of costs against her.

{¶ 7}     In its Decision vacating the Decision of the Magistrate, the trial court relied upon Mont. D.R. Rule 4.42 and found in relevant part as follows:

> * * * The issues raised in the October 4, 2007 show cause motion were disposed of by the Magistrate['s] Decision and Permanent Order filed January 31, 2008. Any subsequent show cause motion must clearly state the date of the "prior order" and "facts regarding the claim of non-compliance." The motion must be supported by the parties' affidavit.
>
> The Court finds plaintiff's motion to show cause filed January 15, 2010 does not comply with the rule. The motion makes no reference to the most recent "prior order" of January 31, 2008 which established a specific long distance parenting time schedule for plaintiff that did not exist at the

time of the amended Final Judgment and Decree of Divorce. Further, no facts were contained in the motion as to the events that occurred since the January 31, 2008 order regarding the claim of non-compliance. Finally, plaintiff failed to support his motion with an affidavit as required by rule.

The Court finds, as a matter of law, that plaintiff failed to provide defendant with adequate notice to prepare a defense to the allegations of interference with parenting time since the prior order of January 31, 2008. Having found plaintiff's motion to show cause (January 15, 2010) defective, the Court hereby dismisses the motion without prejudice.

{¶ 8} Aaron asserts one assignment of error as follows:

"THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT HAD RECEIVED INADEQUATE NOTICE AND DISMISSING PLAINTIFF'S MOTION TO SHOW CAUSE."

{¶ 9} According to Aaron, although "the language of the Amended Divorce Decree, rather than the Court's Order, was cited in the Show Cause Motion, the Motion was sufficient to place Defendant on notice of the issues and to enable her to present a defense." We note that Kay did not file a responsive brief.

{¶ 10} "Clearly, an individual subject to contempt proceedings is entitled to adequate notice as well as an opportunity to be heard. See R.C. 2705.03. Where the notice is sufficient to apprise a party of the charges against her, thereby enabling her to prepare her defense, such notice generally will withstand objections as to content." *McGill v. McGill,* 3 Ohio App.3d 455, 445 N.E.2d 1163 (2d Dist.1982).

**{¶ 11}**   Mont.  D.R. Rule 4.42   governs motions to show cause and provides:

(A) Content of Motion.   Any motion to show cause *shall* clearly state:

(1) Each provision of a prior court order with which the party has failed to comply;

(2) The date of the prior order; and

(3) The facts regarding the claim of non-compliance; and

(4) The motion *shall* be supported by an affidavit signed by the party.

(Emphasis added).

**{¶ 12}**   As the trial court found, Aaron's motion does not state any provision of the "prior court order" of January 31, 2008, with which Kay allegedly failed to comply.   It does not identify the "prior court order" by date.   It sets forth no facts regarding Aaron's claims of non-compliance with the order of January 31, 2008.   Finally, it is not supported by an affidavit signed by Aaron.   In other words, as the trial court correctly determined, as a matter of law, Aaron's motion failed to provide Kay with adequate notice to prepare a defense.

**{¶ 13}**   Finally, we note that Aaron's reliance upon *DeHart v. Aetna Life Insurance Co.*, 69 Ohio St.2d 189, 192-93, 431 N.E.2d 644 (1982), is misplaced, as the matter herein is distinguishable.   In *DeHart*, following disposition by summary judgment, counsel for appellant initiated an appeal and "mistakenly marked that part of the praecipe which signaled the Court of Appeals that a transcript of proceedings would be forthcoming."   *Id.*, 646. Pursuant to local rule, the failure to file transcripts was grounds for dismissal of the appeal,

and the "failure of the Court of Appeals to receive a transcript of proceedings necessarily triggered the automatic dismissal mechanism" of the local rule. *Id.* The Court of Appeals further overruled appellant's motion for reconsideration and leave to file an amended praecipe, and the Supreme Court of Ohio held as follows:

> A court of appeals abuses its discretion when, after dismissing a case, sua sponte, for a minor, technical, correctable, inadvertent violation of a local rule, it refuses to reinstate the case when: (1) the mistake was made in good faith and not as part of a continuing course of conduct for the purpose of delay, (2) neither the opposing party nor the court is prejudiced by the error, (3) dismissal is a sanction that is disproportionate to the mistake, (4) the client will be unfairly punished for the fault of his counsel, and (5) dismissal frustrates the prevailing policy of deciding cases on the merits. *Id.*, at syllabus.

{¶ 14} The *DeHart* Court also made the following observation regarding local rules:

> * * * local appellate rules are needed in order to achieve the prompt and efficient dispatch of justice. This is a two-pronged objective - the local rules must encourage promptness and efficiency, on the one hand, and fairness and justice on the other. Fairness and justice are best served when a court disposes of a case on the merits. Only a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds. Local rules, at any level of our state system, should not be used as a judicial mine field,

with disaster lurking at every step along the way. *Id.*, 647.

{¶ 15} Unlike in *Dehart*, the failure to comply with Mont. D.R. Rule 4.42 prejudiced Kay's ability to prepare a defense, and the failure is not a minor, technical, inadvertent violation. Accordingly, vacation of the Magistrate's Decision finding Kay in contempt and dismissal of Aaron's motion is not disproportionate to the nature of the mistake. Finally, the trial court's decision does not frustrate the prevailing policy of deciding cases on their merits, at the expense of fairness and justice; the trial court dismissed Aaron's motion without prejudice.

{¶ 16} Aaron's sole assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

Cheryl R. Washington
Kay L. Helton
Hon. Denise L. Cross